NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 14 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PROSTAR WIRELESS GROUP, LLC,

Plaintiff-Appellant,

v.

DOMINO'S PIZZA, INC.,

Defendant-Appellee.

No. 19-15130

D.C. No. 3:16-cv-05399-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted May 12, 2020[**]
San Francisco, California

Before: THOMAS, Chief Judge, and FRIEDLAND and BENNETT, Circuit
Judges.

Prostar Wireless Group, LLC ("Prostar") brought ten claims under

California law against Domino's Pizza, Inc. ("Domino's") after Domino's declined

to provide the approval that would have been necessary to enable Prostar to sell,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

for use in Domino's locations, a GPS-based driver-tracking solution that Prostar had developed in collaboration with Domino's over the course of several years. The district court granted summary judgment in favor of Domino's on all claims. Reviewing de novo, we affirm.

**1.**  Prostar's claims for breach of an implied-in-fact contract and breach of the covenant of good faith and fair dealing fail.  "An implied contract is one, the existence and terms of which are manifested by conduct."  Cal. Civ. Code § 1621. That conduct must show that there was "a mutual agreement and intent to promise," *Retired Emps. Ass'n of Orange County, Inc. v. County of Orange*, 266 P.3d 287, 290 (Cal. 2011) (quoting *Silva v. Providence Hosp. of Oakland*, 97 P.2d 798, 804 (Cal. 1939)), and, as with any contract, promises are enforceable only if they are "definite enough that a court can determine the scope of the duty and the limits of performance," *Ladas v. Cal. State Auto. Ass'n*, 23 Cal. Rptr. 2d 810, 814 (Ct. App. 1993).  Prostar's claim for breach of the covenant of good faith and fair dealing depends on the existence of an implied contract.  *See Avidity Partners, LLC v. State*, 165 Cal. Rptr. 3d 299, 320 (Ct. App. 2013) ("The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation." (quoting *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 338 (Ct. App. 1993))).

Prostar has failed to "make a showing sufficient to establish the existence"

of key elements of its implied-in-fact contract claim: a mutual agreement between it and Domino's, the terms of which are definite enough to be enforceable. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment standard). Prostar contends that "the parties engaged in a lengthy development project based on the mutual understanding that if the project proved successful—meaning that if [Prostar's technology] were successfully integrated into the [Domino's point-of-sale] system—Prostar would be allowed to market and sell [its technology] . . . to Domino's franchisees." But the evidence only supports the inference that Domino's hoped that enough progress might be made on Prostar's solution to enable the parties to reach a future agreement. At the points during the parties' commercial relationship when they considered the possibility of a concrete agreement, Domino's expressly declined to agree. The evidence may be sufficient to show that Prostar believed there was an implied agreement, but there is not enough evidence that any such belief was reasonable.[1]

**2.** Prostar's claims for deceit, negligent misrepresentation, and unfair competition similarly fail. There is insufficient evidence to show that it was reasonable for Prostar to conclude, based on anything Domino's said or did, that Domino's had committed to ultimately approve Prostar's solution. Prostar

---

[1] In light of our conclusion that there was insufficient evidence of agreement, we need not and do not decide whether the parties' non-disclosure agreement bears on Prostar's contract-related claims.

3

therefore cannot establish the justifiable reliance that is required for its claims for deceit and negligent misrepresentation. *See Small v. Fritz Cos.*, 65 P.3d 1255, 1258-59 (Cal. 2003) (deceit and negligent misrepresentation have similar elements, including that both require justifiable reliance). And Prostar acknowledges that its claim for unfair competition "stands or falls" with those claims.[2]

**3.** Prostar's claim for misappropriation of trade secrets also fails. Of the nine alleged trade secrets that Prostar presses on appeal, eight relate to Prostar's algorithms. Prostar has not presented sufficient evidence that Domino's ever had access to those algorithms, as would be required to support its misappropriation claim. *See* Cal. Civ. Code § 3426.1(b) (misappropriation requires "[a]cquisition of a trade secret" by "improper means" or disclosure of a trade secret without consent). Based on the record in this case, no reasonable factfinder could agree with Prostar's argument that, even though Prostar did not share its source code with Domino's, the algorithms associated with those eight alleged trade secrets were nonetheless "discernible" from the material it did share.

The final alleged trade secret is for the "architecture" of Prostar's solution. Prostar has not presented sufficient evidence that it kept this architecture secret, as would be required to support its misappropriation claim. *See* Cal. Civ. Code

---

[2] In light of our conclusion that there was insufficient evidence to establish a necessary element of these claims, we need not and do not decide whether the claims are preempted by the California Uniform Trade Secrets Act.

§ 3426.1(d) (information is a trade secret only if it derives value "from not being generally known" and "[i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy"). For example, Prostar revealed aspects of its architecture without making accompanying efforts to maintain secrecy. Although it is theoretically possible that the architecture as a whole could have nevertheless been maintained in secrecy, Prostar has not identified sufficient evidence that any such secret architecture in fact exists and goes beyond what Prostar did reveal.

4. Because Domino's is entitled to judgment in its favor regarding liability, we need not and do not resolve the parties' dispute about whether Prostar could have obtained damages based on a calculation of its own lost profits if it were entitled to a remedy.

**AFFIRMED.**